UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLADYS CARDONA,

        Plaintiff,                           CIVIL ACTION NO. 11-14624

vs.

                                            DISTRICT JUDGE SEAN F. COX

MORTGAGE ELECTRONIC         MAGISTRATE JUDGE MONA K. MAJZOUB
REGISTRATION SYSTEMS, INC.
and BANK OF AMERICA,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**      **RECOMMENDATION:**  Defendants' Motion to Dismiss (docket no. 5) should be **GRANTED** and Plaintiff's Complaint should be dismissed.

**II.**     **REPORT:**

Plaintiff Gladys Cardona brought this action in Wayne County Circuit Court on September 22, 2011 against Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Bank of America. Defendants removed the action to this Court on October 20, 2011. (Docket no. 1). The complaint challenges foreclosure proceedings related to real property located at 12576 Second Avenue in Southgate, Michigan and asserts claims of Quiet Title (Count I), Unjust Enrichment (Count II), Innocent/Negligent Misrepresentation (Count III), Fraud, Based Upon Silent Fraud and Bad Faith Promises (Count IV), Constructive Trust (Count V), and Deceptive Act and/or Unfair Practices (Count VI). Plaintiff generally alleges that the foreclosing party did not have authority to foreclose and contends that there may have been procedural defects with the foreclosure.

Defendants maintain that BAC Home Loans Servicing, LP ("BACHLS"), the mortgagee of record, initiated foreclosure by advertisement proceedings after Plaintiff defaulted on her loan obligations. On March 23, 2011 a sheriff's sale was held where BACHLS purchased the property for $156,804.64. Defendants contend that a Sheriff's Deed of Mortgage Sale was executed in favor of BACHLS and was recorded on April 1, 2011. The redemption period expired on September 23, 2011. Defendants contend that Plaintiff did not attempt to redeem the property.

Following removal to this Court, Defendants filed a Motion to Extend the Time to Respond to Plaintiff's Complaint. (Docket no. 2). On October 28, 2011 the Court granted Defendants' Motion to Extend and mailed a copy of the order to Plaintiff. The notice sent to Plaintiff was mailed to Plaintiff's address of record and was returned undeliverable. (Docket no. 4). Subsequently, Defendants MERS and Bank of America, the successor by merger to BACHLS, filed the instant Motion to Dismiss. (Docket no. 5). Defendants' motion was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 6). A copy of the order referring Defendants' motion to the undersigned was mailed to Plaintiff on December 9, 2011. On December 16, 2011 the letter was returned undeliverable. (Docket no. 7). The Court later entered an order setting motion deadlines and directing Plaintiff to file a response to Defendants' Motion to Dismiss by January 9, 2012. (Docket no. 8). A copy of that order was mailed to Plaintiff and was returned undeliverable on December 27, 2011. (Docket no. 9). To date Plaintiff has not filed a response to Defendants' Motion to Dismiss and has not filed current contact information with the Court.

E.D. Mich. LR 11.2 requires a party to promptly file and serve a notice with any new contact information and provides that the failure to do so may subject the person or party to sanctions,

2

including dismissal.  Plaintiff has failed to keep her contact information current and has not filed a response in opposition to Defendants' Motion to Dismiss.  In addition, Defendants allege and show that the subject property was sold at a sheriff's sale and the redemption period expired without the property having been redeemed.  Accordingly, Plaintiff lost standing to maintain any action to quiet title or to assert any defect in the foreclosure proceedings.  *Kama v. Wells Fargo Bank*, No. 10-10514, 2010 WL 4386974, at *2 (E.D. Mich. Oct. 29, 2010) (citation omitted).  Furthermore, Plaintiff has not made a clear showing of fraud or irregularity in the proceedings.  *Id.*  For these reasons, the undersigned recommends that Defendants' unopposed Motion to Dismiss be granted and Plaintiff's complaint be dismissed.

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 4, 2012               s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Gladys Cardona and Counsel of Record on this date.

Dated: June 4, 2012               s/ Lisa C. Bartlett
                                  Case Manager